60 F.3d 834
 76 A.F.T.R.2d 95-5726, 95-2 USTC P 50,416
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David REGAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-36160.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 26, 1995.*
Decided June 30, 1995.
 
 Before: O'SCANNLAIN, LEAVY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Regan appeals pro se the district court's summary judgment for the United States in Regan's action challenging the assessment of tax return preparer penalties assessed against him pursuant to 26 U.S.C. Sec. 6694(a).[1] The district court concluded that the action was barred because the Forms 5838-AD ("Offer of Waiver of Restrictions on Assessment and Collection of Tax Return Preparer Penalty") executed by the parties constituted a formal closing agreement pursuant to 26 U.S.C. Sec. 7121. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We vacate and remand.
 
 
 3
 Regan contends, and the United States concedes, that the district court erred by granting summary judgment for the government because Form 5838-AD standing alone does not constitute a formal closing agreement pursuant to 26 U.S.C. Sec. 7121. We agree.
 
 
 4
 In Whitney v. United States, we held that the signing of an Internal Revenue Service Form 870-AD ("Offer of Waiver of Restriction on Assessment and Collection of Deficiency in Tax and of Acceptance of Overassessment"), standing alone, does not estop a taxpayer from later seeking a tax refund. 826 F.2d 896, 897-98 (9th Cir. 1987). Here, the parties executed Forms 5838-AD which are analogous to Form 870-AD except Form 870-AD is used in connection with income and other tax liabilities while Form 5838-AD is used for tax preparer penalties.[2] Thus, the district court erred by concluding the execution of Forms 5838-AD constituted a formal closing agreement. See id.
 
 
 5
 Because the district court had no occasion to consider whether Regan should be held to the terms of the Forms 5838-AD under the doctrine of equitable estoppel, we remand to give the district court an opportunity to consider that issue. See id. at 989.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Regan's action involves four consolidated complaints, three of which are the subject of this appeal
 
 
 [2]
 Although the version of Form 870-AD at issue in Whitney expressly stated on its face that it was not a closing agreement, the government concedes that the dispositive issue is not whether the form contains such a disclaimer, but whether it is prescribed for use as a closing agreement or otherwise expressly provides that it is a closing agreement under section 7121. See e.g., Whitney, 826 F.2d at 898. The Forms 5838-AD at issue here are not prescribed for such use and did not on their face purport to be closing agreements